UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

RICHARD BACQUIE,

        Plaintiff,

                -against-

THE CITY OF NEW YORK, SERGEANT
WILLIAM TERGESEN, POLICE OFFICER
CHARLES LOVELOCK, POLICE OFFICER
RICHARD ERNYEY SHIELD # 6720, POLICE
OFFICER THOMAS MALONEY SHIELD #
31851, POLICE OFFICER JASON FIGARI,
POLICE OFFICER MICHAEL McCAFFREY and
UNIDENTIFIED POLICE OFFICERS, all sued
herein in their official and individual capacities,

        Defendants.

---------------------------------------------------------X

            **COMPLAINT**

      **JURY TRIAL DEMANDED**

        Plaintiff, by his attorney, Fred Lichtmacher of The Law Office of Fred

Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

**JURISDICTION AND VENUE**

        1.        This action arises under 42 U.S.C. §1983 and the First, Fourth, Sixth and

Fourteenth Amendments to the United States Constitution.  Subject matter jurisdiction is

conferred by 28 U.S.C. §1331 and §1343 (a)(3 & 4).

        2.        Pursuant to 28 U.S.C. §1391(b)(1), venue is proper in the Southern

District of New York as the City of New York resides in New York County.

**PARTIES**

3.      Richard Bacquie is an African American male who at all times relevant was a resident of Queens County in the City and State of New York.

4.      Defendant City of New York is a Municipal Corporation within New York State.

5.      Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.

6.      At all times relevant, the City of New York employed the Defendant Police Officers more fully identified below.

7.      Sergeant William Tergesen, Police Officer Charles Lovelock, Police Officer Richard Ernyey Shield # 6720, Police Officer Thomas Maloney Shield # 31851, Police Officer Jason Figari, Police Officer Michael Mccaffrey and Unidentified Police Officers, the individual Defendants are liable for directly participating and/or failing to intervene to prevent the acts described herein and are sued in both their official and individual capacities.

8.      The individual Defendants were agents, servants and employees acting within the scope of their employment by Defendant City of New York.

9.      At all times relevant, the individual Defendants were acting in their capacities as state actors under color of state law.

**FACTS UNDERLYING**
**PLAINTIFF'S CLAIMS FOR RELIEF**

10.     On August 30th, 2014 Saturday night at approximately 9:30 p.m., at 156-04 137 Avenue in Queens New York which was then Mr. Bacquie's residence, he was having a barbeque with friends when one of his guests mentioned there were police officers in front of his

house.

11.     Mr. Bacquie had complained about officers in the 113th precinct harassing him previously, and he was well known and disliked by many officers in the precinct.

12.     Mr. Bacquie went to talk to the Defendants who were then outside his fence and who appeared ready to enter through his gate.

13.     Mr. Bacquie told the Defendants not to come in unless they had a warrant.

14.     Mr. Bacquie asked why they were there and the Defendants stated it was for a noise complaint.

15.     As they were talking, Defendant Sergeant William Tergesen intentionally blew smoke into Mr. Bacquie's face and threatened to arrest him if he did not give him his identification.

16.     Mr. Bacquie attempted to called 911 to get a Lieutenant to come to his house to solve the problem.

17.     Mr. Bacquie observed that the Defendants were putting on arm sleeves and gloves as they asked him for his identification.

18.     Shortly thereafter, Defendant Sergeant William Tergesen yelled "get him" and the Defendants, illegally entered through the gate, grabbed Mr. Bacquie, slammed him to the ground, kicked and punched him on his head and body several times, dragged him outside the house, kicked and punched him a few more times, handcuffed him, and then dragged him into their police van.

19.     In the van, the first Defendant officer who had punched Mr. Bacquie used the N word repeatedly.

-3-

20.     In the van the Defendants called Mr. Bacquie a "dumb black fuck."

21.     Mr. Bacquie was brought to the 113th precinct and paraded around as if he were a trophy to the officers there who knew him and hated him for having complained about them.

22.     Shackles were unnecessarily and sadistically placed on Mr. Bacquie's legs.

23.     Instead of bringing Mr. Bacquie directly to the hospital, he was initially brought to the precinct, and from there, an ambulance was summoned because Mr. Bacquie was screaming in pain and had repeatedly requested medical attention both in the van and at the precinct.

24.     Mr. Bacquie was brought by ambulance to Jamaica Hospital.

25.     Before boarding the Ambulance, Defendant Ernyey intentionally and sadistically overly tightened Mr. Bacquie's handcuffs.

26.     During the entire ride, Defendant Ernyey and one other Defendant officer were blowing kisses and winks to Mr. Bacquie as well as making sarcastic remarks.

27.     At the hospital, the Defendants refused to help Mr. Bacquie disembark which was difficult for him due to the steps in the back and the shackles on his feet and instead they told him to jump.

28.     The Defendants manhandled Mr. Bacquie entering the hospital injuring him further.

29.     Mr. Bacquie screamed to attract attention in an attempt to get the officers to stop hurting him but Mr. Bacquie passed out from the pain.

30.     Mr. Bacquie was physically injured, arrested without probable cause,

-4-

humiliated, taunted with racial slurs, subjected to false statement about crimes he had not committed and subjected to the Defendants illegal and sadistic actions.

31.     After the hospital visit Mr. Bacquie was taken back to the precinct and charged with multiple crimes including felony assault on an officer; none of which he had committed.

32.     From the precinct Mr. Bacquie was taken to Central Booking.

33.     Mr. Bacquie was released from Central Booking the next day.

34.     Mr. Bacquie saw the Judge over 24 hours after the arrest and posted bail in the amount of $2,500.

35.     Mr. Bacquie had to go to court multiple times for over a year due to this incident.

36.     There was no grand jury action after Mr. Bacquie disclosed there was exonerating video footage contradicting the false statements Defendants made regarding what Plaintiff had allegedly done which resulted in the felony charge being dismissed on February 4, 2015.

37.     The false criminal charges were ultimately resolved via a 30 day ACD on January 5, 2016.

38.     To this day Mr. Bacquie suffers with physical and emotional problems due to his encounter with the Defendants.

**FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**
**PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS**
**<u>VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE</u>**

39.     Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

40.     By reason of the forgoing, the individual Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including his right to be free from the use of excessive and unreasonable force.

41.     Individual Defendants beat the Plaintiff gratuitously with no reason to use any force much less the excessive force they employed.

42.     At no time did any of the individual Defendants intervene to prevent or end the misconduct to which Mr. Bacquie was being subjected.

43.     The Defendants acted with premeditation and evil intent, putting devices on their hands to use while beating the Plaintiff.

44.     The individual Defendants' acts and omissions caused Plaintiff to sustain physical, emotional and pecuniary harms, including permanent and non-permanent physical injuries and limitations on his ability to work.

45.     By reason of the aforesaid, Mr. Bacquie has been damaged and he is entitled to compensatory and punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
PURSUANT TO 42 U.S.C. § 1983
VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
VIA FALSE ARREST**

46.     Plaintiff repeats the allegations  contained in the prior paragraphs as if

fully stated herein.

47.    Plaintiff's rights were violated pursuant to the Fourth Amendment as made applicable to the states via the Fourteenth Amendment in that he was arrested without probable cause.

48.    The false arrest of the Plaintiff was effected by the Defendants without probable cause, the Plaintiff was conscious of the arrest, he did not consent to the arrest and his arrest was not otherwise legally justified.

49.    That the Defendants who knew of Mr. Bacquie being falsely arrested and who failed to intervene when they had a reasonable opportunity to do so, are equally responsible for his illegal arrest.

50.    Mr. Bacquie was searched, handcuffed, detained, brought to the 113th precinct and placed in a cell before being brought to the hospital and then to the precinct and then to central booking.

51.    By reason of the aforesaid, Mr. Bacquie has been damaged and he is entitled to awards of compensatory and punitive damages as well as attorneys' fees pursuant to 42 USC § 1988.

**THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
PURSUANT TO 42 U.S.C. § 1983
VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
VIA THE ABUSE OF CRIMINAL PROCESS**

52.    Plaintiff repeats the allegations  contained in the prior paragraphs as if fully stated herein.

53.    Plaintiff's rights were violated pursuant to the Fourth Amendment as made

applicable to the states via the Fourteenth Amendment in that the Defendants abused criminal process in arresting Mr. Bacquie.

54.     The Defendants abused regularly issued process; the process was caused to be issued by the Defendants who were moved by a purpose to do harm without what has been traditionally described as an economic or social excuse or justification; and the Defendants were seeking a collateral advantage which is outside the legitimate ends of the process in that they caused said process to be issued to do two things, to justify their beating Mr. Bacquie and in retaliation for Mr. Bacquie having complained about their prior actions.

55.     As a result of the violation of his Fourth Amendment rights via this abuse of criminal process, Mr. Bacquie was humiliated, he suffered anxiety, he incurred various emotional harms, he incurred attorneys' fees, he was incarcerated, he was made to appear in Court, he was pecuniarily harmed and he was otherwise harmed.

56.     By reason of the aforesaid, Mr. Bacquie has been damaged and he is entitled to compensatory and punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.


**FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
PURSUANT TO 42 U.S.C. § 1983
VIOLATION OF THE FIRST AMENDMENT
<u>VIA RETALIATION</u>**

57.     Plaintiff repeats the allegations  contained in the prior paragraphs as if fully stated herein.

58.     Plaintiff's rights were violated pursuant to the First Amendment as made

-8-

applicable to the states via the Fourteenth Amendment in that he was subjected to a retaliatory arrest and beating due to having exercised his First Amendment right to free speech by complaining previously about police misconduct.

59.     Plaintiff has an interest protected by the First Amendment, to wit, the right to complain about police misconduct, the Defendants knew of his having made complaints, Defendants' actions were motivated or substantially caused by his exercise of that right; and Defendants' actions effectively chilled the exercise of his First Amendment right.

60.     By reason of the aforesaid, Mr. Bacquie has been damaged and he is entitled to compensatory and punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.


**FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**
**PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS**
**VIA DENIAL OF EQUAL PROTECTION**

61.     Plaintiff repeats the allegations  contained in the prior paragraphs as if fully stated herein.

62.     Plaintiff's rights were violated pursuant to the Fourteenth Amendment's Equal Protection clause in that he was subjected to disparate and worse treatment due to his being African-American.

63.     Plaintiff as an African-American is a member of a suspect classification pursuant to the Fourteenth Amendment's Equal Protection clause.

64.     Plaintiff also is a person who had exercised his First Amendment rights to

complain about police misconduct.

65.    Plaintiff was subjected to a selective prosecution, in that he was treated differently from other similarly situated individuals, and such differential treatment was based on the impermissible considerations of his race as well as to inhibit and punish his exercise of his First Amendment constitutional rights and the Defendants actions were taken in bad faith with the intent to injure Mr. Bacquie.

66.    By reason of the aforesaid, Mr. Bacquie has been damaged and he is entitled to compensatory and punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### SIXTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C.  § 1983 AND THE FOURTH AND SIXTH AMENDMENTS VIA DENIAL OF A FAIR TRAIL

67.    Plaintiff repeats the allegations  contained in the prior paragraphs as if fully stated herein.

68.    Mr. Bacquie was denied the right to a fair trial, in essence, denying him of his Fourth and Sixth Amendment rights, as made applicable to the states via the Fourteenth Amendment when the Defendants fabricated evidence and made false extrajudicial statements to the Queens District Attorney's Office to be used against Mr. Bacquie at trial.

69.    The Defendants were investigating officials, who fabricated evidence that was likely to influence the jury's decision, they forwarded that information to prosecutors, and the Plaintiff suffered deprivations of his liberty as a result.

70.    Defendants' actions resulted in Mr. Bacquie spending a night in jail, he

was forced to appear in court repeatedly for over a year, he lived in fear of going to jail due to the false charges, he experienced anxiety, he was defamed in his community, he incurred pecuniary harms including but not limited to attorneys' fees, he was prevented from pursuing his necessary affairs of business and he was otherwise harmed.

71.    The individual Defendants who knew of the violations of Mr. Bacquie's rights  and who failed to intervene to prevent his constitutional rights from being violated are liable to Mr. Bacquie as are the Defendants who directly participated in his prosecution.

72.    The individual Defendants acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to Mr. Bacquie's rights, physical well-being and mental well-being.

73.    By reason of the aforesaid, Mr. Bacquie has been damaged and he is entitled to compensatory and punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## SEVENTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS VIA A MALICIOUS PROSECUTION

74.    Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

75.    By reason of the forgoing, the individual Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including his right to be free from being maliciously prosecuted.

76.    Plaintiff was charged with several charges including a felony assault on an

officer which charge was dismissed prior to the ultimate disposition of the criminal case against him.

77.    Mr. Bacquie was subjected to a malicious prosecution, pursuant to Janetka, by the Defendants who caused and continued his arrest, without probable cause, the arrest was effected with malice and the felony assault charge terminated in Plaintiff's favor almost (6) six months after it was initiated.

78.    Defendants' actions resulted in Mr. Bacquie being arrested, handcuffed, having to pay bail, being forced to appear in court numerous times over a 1.5 year period, including numerous times for approximately six (6) months on the felony assault charge, he was placed in fear of going to jail, he suffered anxiety, he was subjected to defamation in his community, he incurred pecuniary harms including but not limited to attorneys' fees and he was otherwise harmed.

79.    The individual Defendants who knew of Mr. Bacquie being maliciously prosecuted and who failed to intervene to prevent his constitutional rights from being violated are liable to the Plaintiff as are the Defendants who directly participated in Plaintiff's prosecution.

80.    By reason of the aforesaid, Mr. Bacquie has been damaged and is entitled to compensatory and punitive damages and an award of attorneys' fees is appropriate pursuant to 42U.S.C. §1988.

**EIGHTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**
**PURSUANT TO 42 U.S.C. § 1983**
**AND THE FIRST, FOURTH, SIXTH AND FOURTEENTH AMENDMENTS**
**AGAINST THE CITY OF NEW YORK**
**i.e., MONELL CLAIM**

81.    Plaintiff repeats the allegations  contained in the prior paragraphs as if

fully stated herein.

82.    Mr. Bacquie was denied his First, Fourth Sixth and Fourteenth Amendment rights by the Defendant the City of New York.

83.    The practices of tacitly allowing members of the NYPD to use racially disparaging language and of treating minorities in a disparate and worse manner and of not disciplining members of the NYPD for acts and statements which are racially motivated is so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials.

84.    The City of New York has been on notice for several years that the officers of the 113th precinct in particular treated members of the predominantly African-American community within that precinct in a disparate and worse manner than it does Caucasians and made no effort to correct the situation.

85.    The NYPD has repeatedly demonstrated a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

86.    The City of New York has been on notice for several years and has failed to take effective measures against officers who retaliate against civilians who complain about them.

87.    The City of New York has been on notice for several years that officers routinely overcharge arrestees, in particular those they used unnecessary force against, and has failed to take effective measures to remedy that situation.

88.    The City of New York has been on notice for several years that officers

-13-

routinely use unnecessary force against minorities, and has failed to take effective measures to remedy that situation.

89.     As a result of the deliberate indifference of the City of New York to the above-mentioned NYPD's de facto policies Mr. Bacquie has been subjected to deprivations of his civil rights, including a false arrest, a beating, a malicious prosecution, being subjected to racial slurs, being denied the right to a fair trial, being denied his First Amendment rights and he was otherwise harmed.

90.     By reason of the aforesaid, Mr. Bacquie has been damaged and he is entitled to an award of compensatory damages as well as attorneys' fees pursuant to 42 USC § 1988.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered as follows:

(A)     Declaratory relief finding that Plaintiff's rights under the United States Constitution were violated;

(B)     Compensatory damages of at least $500,000.

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, Plaintiff is entitled to awards of punitive damages on all causes of action other than the Seventh Cause of Action in amounts to be fixed at trial;

(D)     An award to Plaintiff of the costs and disbursements herein;

(E)     An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.

-14-

Dated: January 27, 2016
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　_____/ s /_____
　　　　　　　　　　　　　　　　　　　　　　Fred Lichtmacher (FL-5341)
　　　　　　　　　　　　　　　　　　　　　　The Law Office of Fred Lichtmacher P.C.
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　2 Wall Street 10th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10005
　　　　　　　　　　　　　　　　　　　　　　(212) 922-9066

To:　　The City of New York
　　　　Zachary Carter
　　　　Corporation Counsel NYC
　　　　Attorneys for NYC
　　　　100 Church Street
　　　　New York, New York 10007

To:　　Sergeant William Tergesen
　　　　Police Officer Charles Lovelock
　　　　Police Officer Richard Ernyey Shield # 6720
　　　　Police Officer Thomas Maloney Shield # 31851
　　　　Police Officer Jason Figari
　　　　Police Officer Michael Mccaffrey all of the 113th precinct
　　　　167-02 Baisley Blvd.
　　　　Jamaica, NY, 11434-2511