UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

RICHARD BACQUIE,

                              Plaintiff,

        - against -

THE CITY OF NEW YORK, SERGEANT WILLIAM TERGESEN, POLICE OFFICER CHARLES LOVELOCK, POLICE OFFICER RICHARD ERNYEY SHIELD # 6720, POLICE OFFICER THOMAS MALONEY SHIELD # 31851, POLICE OFFICER JASON FIGARI, POLICE OFFICER MICHAEL McCAFFREY and UNIDENTIFIED POLICE OFFICERS, all sued herein in their official and individual capacities,

                              Defendants.

---------------------------------------------------------------- x

**ANSWER TO COMPLAINT BY DEFENDANT CITY LOVELOCK AND MALONEY**

16 Civ. 618 (DLC)

JURY TRIAL DEMANDED

Defendants City of New York, Lovelock and Maloney by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully alleges, upon information and belief, as follows:

### AS TO "JURISDICTION AND VENUE"

       1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

### AS TO "PARTIES"

       3.    Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "3" of the Complaint.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that The City of New York is a municipal corporation duly organized and existing under the laws of the State of New York.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that The City of New York maintains the New York City Police Department (the "NYPD") consistent with all applicable laws and rules. The Court is respectfully referred to the New York City Charter and Administrative Code for a complete recitation of the relationship between The City of New York and NYPD.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that at all relevant times herein, defendants were employed by the City of New York.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

9. Deny the allegations set forth in paragraph "9" of the Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

## AS TO "FACTS"

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff was arrested in the vicinity of 156-04 137 Avenue in Queens, New York at approximately 9:30 p.m.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint except admit the officers responded to a noise complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint except admit that plaintiff was transported to Jamaica Hospital after he requested medical attention.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint except

admit that the officers processed the arrest after plaintiff was released from the hospital.

32. Deny the allegations set forth in paragraph "32" of the Complaint except admit plaintiff was taken to Bronx County Central Booking.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit plaintiff accepted an ACD.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

## AS TO "FIRST CLAIM FOR RELIEF"

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF"

46. In response to the allegations set forth in paragraph "46" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF"

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF"

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

### AS TO "FIFTH CLAIM FOR RELIEF"

61. In response to the allegations set forth in paragraph "61" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

### AS TO "SIXTH CLAIM FOR RELIEF"

67. In response to the allegations set forth in paragraph "67" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

### AS TO "SEVENTH CLAIM FOR RELIEF"

74.     In response to the allegations set forth in paragraph "74" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if fully set forth herein.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

## AS TO "EIGHTH CLAIM FOR RELIEF"

81.     In response to the allegations set forth in paragraph "81" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if fully set forth herein.

82.     Deny the allegations set forth in paragraph "82" of the Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

## AS TO "WHEREFORE CLAUSE"

91. Plaintiff's wherefore clause and its subparts are not averments of fact to which a response is required.

## FIRST AFFIRMATIVE DEFENSE

92. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

93. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

94. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

95. Defendants Lovelock and Maloney have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

96. There was probable cause for plaintiff's arrest, detention and prosecution.

## SIXTH AFFIRMATIVE DEFENSE

97. Punitive damages are not recoverable against the City of New York. Punitive damage cannot be recovered against any other defendants, and if available, the amount of such

damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

98.     Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel

### EIGHTH AFFIRMATIVE DEFENSE

99.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

### NINTH AFFIRMATIVE DEFENSE

100.    Plaintiff's claims are be barred, in whole or in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

101.    Plaintiff may have failed to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

102.    Plaintiff provoked the incident.

### TWELEFTH AFFIRMATIVE DEFENSE

103.    Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of the risk.

### THIRTEENTH AFFIRMATIVE DEFENSE

104.    To the extent that one or more defendants used any force, it was reasonable, justified and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

105.　There was probable cause for the search of plaintiff and his premises.

WHEREFORE, defendants City, Lovelock and Maloney demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         April 29, 2016

                ZACHARY W. CARTER
                Corporation Counsel of the City of New York
                *Attorney for Defendants*
                100 Church Street, Room 3-220
                New York, New York  10007
                (212) 356-2368
                jofriedm@law.nyc.gov


                By: /s/
                _____
                Joshua Friedman
                *Assistant Corporation Counsel*
                *Special Federal Litigation Division*

**Cc: (by ECF)**
Fred Lichtmacher, Esq.
2 Wall Street 10th Floor
New York, NY 10005

15 CV 6469 (JGK)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD HEARD,

                                              Plaintiff,

- against -

THE CITY OF NEW YORK, P.O. DARLIN PADILLA, Shield No. 12749, Individually and in his Official Capacity, and P.O.'s "JOHN DOE", their true names being presently unknown, Individually and in their Official Capacities,

                                              Defendants.

---

**ANSWER TO COMPLAINT BY DEFENDANTS CITY OF NEW YORK AND PADILLA**

---

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-220*
*New York, New York 10007*

*Of Counsel: Joshua Friedman*
*Tel: (212) 356-2368*