UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

RICHARD BACQUIE,

**DEFENDANT NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY'S ANSWER WITH CROSS-CLAIMS**

Plaintiff

16-CV-00618 (DLC)

-against-

THE CITY OF NEW YORK, SERGEANT WILLIAM TERGESEN, POLICE OFFICER CHARLES LOVELOCK, POLICE OFFICERS RICHARD ERNYEY SHIELD # 6720, POLICE OFFICER THOMAS MALONEY SHIELD # 31851, POLICE OFFICER JASON FIGARI, POLICE OFFICER MICHAEL MCCAFFREY and UNIDENTIFIED POLICE OFFICERS, all sued herein in their official and individual capacities,

**TRIAL BY JURY DEMANDED**

Defendants.
--------------------------------------------------------X

Defendant NEW YORK CITY POLICE OFFICERS RICHARD ERNYEY and MICHAEL MCCAFFREY, by their attorneys Worth, Longworth, and London LLP, respectfully answer Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1, and refer all questions of law to the Court.

2.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2, and refer all questions of law to the Court.

## PARTIES

3.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3.

4.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4.

5.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5.

6.      In response to paragraph 6, admit only that at all relevant times mentioned in the complaint, Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY, were performing their duties lawfully under the color of law and within the scope of their employment as a New York City Police Officers.

7.      In response to paragraph 7, admit only that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY, were performing their duties lawfully under the color of law and within the scope of their employment as a New York City Police Officers.

8.      In response to paragraph 8, admit only that at all relevant times mentioned in the complaint, Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY, were performing their duties lawfully under the color of law and within the scope of their employment as a New York City Police Officers.

9.      In response to paragraph 9, admit only that at all relevant times mentioned in the complaint, Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY,

were performing their duties lawfully under the color of law and within the scope of their

employment as a New York City Police Officers.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

10.     Deny the allegations contained in paragraph 10.

11.     Deny the allegations contained in paragraph 11.

12.     Deny the allegations contained in paragraph 12.

13.     Deny the allegations contained in paragraph 13.

14.     Deny the allegations contained in paragraph 14.

15.     Deny the allegations contained in paragraph 15.

16.     Deny the allegations contained in paragraph 16.

17.     Deny the allegations contained in paragraph 17.

18.     Deny the allegations contained in paragraph 18.

19.     Deny the allegations contained in paragraph 19.

20.     Deny the allegations contained in paragraph 20.

21.     Deny the allegations contained in paragraph 21.

22.     Deny the allegations contained in paragraph 22.

23.     Deny the allegations contained in paragraph 23.

24.     Deny the allegations contained in paragraph 24.

25.     Deny the allegations contained in paragraph 25.

26.     Deny the allegations contained in paragraph 26.

27.     Deny the allegations contained in paragraph 27.

28.     Deny the allegations contained in paragraph 28.

29.     Deny the allegations contained in paragraph 29.

30.     Deny the allegations contained in paragraph 30.

31.     Deny the allegations contained in paragraph 31.

32.     Deny the allegations contained in paragraph 32.

33.     Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 33.

34.     Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 34.

35.      Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 35.

36.     Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 36.

37.     Deny the allegations contained in paragraph 37.

38.     Deny the allegations contained in paragraph 38.


### AS FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C § 1983 VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE

39.      In response to paragraph 39 of Plaintiff's Complaint Defendant NEW YORK CITY

POLICE OFFICERS ERNYEY AND MCCAFFREY repeat and reiterate each and every

allegation set forth in paragraphs 1 through 38 as if the same were fully set forth at length herein.

40.     Deny the allegations contained in paragraph 40.

41.     Deny the allegations contained in paragraph 41.

4

42.     Deny the allegations contained in paragraph 42.

43.     Deny the allegations contained in paragraph 43.

44.     Deny the allegations contained in paragraph 44.

45.     Deny the allegations contained in paragraph 45.

## AS FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C.§ 1983 VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS VIA FALSE ARREST

46.     In response to paragraph 46 of Plaintiff's Complaint Defendant NEW YORK CITY

POLICE OFFICERS ERNYEY and MCCAFFREY repeats and reiterates each and every

allegation set forth in paragraphs 1 through 45 as if the same were fully set forth at length herein.

47.     Deny the allegations contained in paragraph 47.

48.     Deny the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

50.     Deny the allegations contained in paragraph 50.

51.     Deny the allegations contained in paragraph 51.

## AS FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C.§ 1983 VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS VIA ABUSE OF CRIMINAL PROCESS

52.     In response to paragraph 52 of Plaintiff's Complaint Defendant NEW YORK CITY

POLICE OFFICERS ERNYEY and MCCAFFREY repeat and reiterate each and every

allegation set forth in paragraphs 1 through 51 as if the same were fully set forth at length herein.

53.     Deny the allegations contained in paragraph 53.

54.     Deny the allegations contained in paragraph 54.

55.     Deny the allegations contained in paragraph 55.

56.     Deny the allegations contained in paragraph 56.

## AS FOR AN ANSWER TO THE FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C.§ 1983 VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS VIA  RETALIATION

57.     In response to paragraph 57 of Plaintiff's Complaint Defendant NEW YORK CITY

POLICE OFFICERS ERNYEY and MCCAFFREY repeat and reiterate each and every

allegation set forth in paragraphs 1 through 56 as if the same were fully set forth at length herein.

58.     Deny the allegations contained in paragraph 58.

59.     Deny the allegations contained in paragraph 59.

60.     Deny the allegations contained in paragraph 60.

## AS FOR AN ANSWER TO THE FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C.§ 1983 VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS VIA  DENIAL OF EQUAL PROTECTION

61.     In response to paragraph 61 of Plaintiff's Complaint Defendant NEW YORK CITY

POLICE OFFICERS ERNYEY and MCCAFFREY repeat and reiterate each and every

allegation set forth in paragraphs 1 through 60 as if the same were fully set forth at length herein.

62.     Deny the allegations contained in paragraph 62.

63.     Deny the allegations contained in paragraph 63.

64.     Deny the allegations contained in paragraph 64.

65.     Deny the allegations contained in paragraph 65.

66.     Deny the allegations contained in paragraph 66.

**AS FOR AN ANSWER TO THE SIXTH CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFF PURSUANT TO 42 U.S.C.§ 1983 AND THE FOURTH AND SIXTH
AMENDMENTS VIA  DENIAL OF A FAIR TRIAL**

67.     In response to paragraph 67 of Plaintiff's Complaint Defendant NEW YORK CITY

POLICE OFFICERS ERNYEY and MCCAFFREY repeat and reiterate each and every

allegation set forth in paragraphs 1 through 66 as if the same were fully set forth at length herein.

68.     Deny the allegations contained in paragraph 68.

69.     Deny the allegations contained in paragraph 69

70.     Deny the allegations contained in paragraph 70.

71.     Deny the allegations contained in paragraph 71.

72.     Deny the allegations contained in paragraph 72.

73.     Deny the allegations contained in paragraph 73.

**AS FOR AN ANSWER TO THE SEVENTH CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFF PURSUANT TO 42 U.S.C.§ 1983 VIOLATION OF PLAINTIFF'S  FOURTH
AMENDMENT RIGHTS VIA A MALICIOUS PROSECUTION**

74.     In response to paragraph 74 of Plaintiff's Complaint Defendant NEW YORK CITY

POLICE OFFICERS ERNYEY and MCCAFFREY repeat and reiterate each and every

allegation set forth in paragraphs 1 through 73 as if the same were fully set forth at length herein.

75.     Deny the allegations contained in paragraph 75.

76.     Deny the allegations contained in paragraph 76.

77.     Deny the allegations contained in paragraph 77.

78.     Deny the allegations contained in paragraph 78.

79.     Deny the allegations contained in paragraph 79.

80.     Deny the allegations contained in paragraph 80.

**AS FOR AN ANSWER TO THE EIGHTH CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFF PURSUANT TO 42 U.S.C.§ 1983  AND THE FIRST, FOURTH, SIXTH,
AND FOURTEEMTH AMENDMENT RIGHTS AGAINST THE CITY OF NEW YORK
ie. MONELL CLAIM**

81.     In response to paragraph 81 of Plaintiff's Complaint Defendant NEW YORK CITY

POLICE OFFICERS ERNYEY and MCCAFFREY repeat and reiterate each and every

allegation set forth in paragraphs 1 through 80 as if the same were fully set forth at length herein.

82.     Deny the allegations contained in paragraph 82.

83.     Deny the allegations contained in paragraph 83.

84.     Deny the allegations contained in paragraph 84.

85.     Deny the allegations contained in paragraph 85.

86.     Deny the allegations contained in paragraph 86.

87.     Deny the allegations contained in paragraph 87.

88.     Deny the allegations contained in paragraph 88.

89.     Deny the allegations contained in paragraph 89.

90.     Deny the allegations contained in paragraph 90.

**AS FOR A FIRST AFFIRMATIVE DEFENSE OF DEFENDANT POLICE
OFFICERS ERNYEY AND MCCAFFREY**

91.     Upon information and belief, Plaintiff has failed to properly serve Defendant New York

City Police Officers ERNYEY AND MCCAFFREY with a copy of the summons and compliant

in violation of Rule 4 of the Federal Rules of Civil Procedure.

**AS FOR A SECOND AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY**

92.     Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY.

**AS FOR A THIRD AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY**

93.     The alleged incident and damages, if any, alleged to have been sustained by Plaintiff on the occasion mentioned in the Complaint were wholly or in part caused by the culpable conduct of Plaintiff.

**AS FOR A FOURTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY**

94.     If it is determined that Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY were acting under the color of law, then the actions of Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY as a sworn police officers of Defendant CITY OF NEW YORK were justified and were done in good faith, in that Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY reasonably believed that they were exercising and acting within their statutory and constitutional powers.

**AS FOR A FIFTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY**

95.     Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY

96.     If it is determined that Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY were acting under the color of law, then Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY acted reasonably and in good faith in discharging their official duties and responsibilities, and as such Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY are entitled to qualified immunity.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY

97.     Causes of Action alleged in Plaintiff's Complaint are barred by the applicable statute of limitations.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY

98.     That any sums or consideration paid or promised to Plaintiff, by any person or corporations claimed to be liable for injuries or damages alleged in the Complaint, shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY to the extent of the greater of either the sums or consideration paid or promised to Plaintiff or the amount of the released tortfeasor's(s) equitable share(s) of the damages in accordance with General Obligations Law § 15-108, et. seq.

## AS FOR A NINTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY

99.     Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall be

reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

### AS FOR A TENTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICERS ERNYEY AND MCCAFFREY

100.    Upon information and belief, the injuries or damages alleged in the Complaint were or may have been caused in whole or in part by parties now or hereafter to be named as Co-Defendants or Third-Party Defendants and accordingly the liability of the answering Defendants NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY are or may be, limited by the provisions of Article 16 of the CPLR.

### AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

101.    If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of Defendant, CITY OF NEW YORK.

### AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

102.    If it is determined that Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY were acting under the color of law, then all of the acts of Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY were performed within the scope of their duties and within the scope of their employment as a New York City Police Officers,

and any liability to Plaintiff must be assumed by their employer, Defendant, CITY OF NEW YORK, pursuant to the principle of *Respondeat Superior.*

## AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

103.    Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY then said Defendants are entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

## AS FOR THE FOURTH CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

104.    If it is determined that Defendant NEW YORK CITY POLICE OFFICERS were acting under the color of law, then all of the actions of Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY were performed within the performance of their duties and within the scope of their employment as New York City Police Officer, and any liability to Plaintiff must be assumed by Defendant, CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-k.

105.    Any damages sustained by Plaintiff at the time or place mentioned in Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law Section 50-k.

106.    Pursuant to this provision of NYS General Municipal Law Section 50-k, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY then the answering Defendants are entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY respectfully demand judgment against Plaintiff as follows:

(a)    Dismissing Plaintiff's Complaint in its entirety;

(b)    Over and against Defendant, CITY OF NEW YORK for the amount of any judgment obtained against Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY;

(c)    Granting Defendant NEW YORK CITY POLICE OFFICERS ERNYEY AND MCCAFFREY costs, disbursements, and expenses of the action, reasonable attorney's fees, and;

(d)    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 9, 2016


_____/s/_____
BY: Douglas LaBarbera (DL 6212)
WORTH, LONGWORTH & LONDON, LLP.
*Attorneys for Defendant Police Officers Richard Ernyey
and Michael McCaffrey*
111 John Street, Suite 640
New York, NY 10038
(212) 964-8038


TO:    **VIA ECF**


**Fred Lichtmacher**
Fred B. Lichtmacher
350 5th Ave
Suite 7116
New York, NY 10118
(212) 922-9066
Fax: (212) 922-9077
Email: empirestatt@aol.com

13

**Andrew C Quinn**
**Anthony J. DiFiore**
**Matthew Kelly Schieffer**
The Quinn Law Firm, PLLC
399 Knollwood Road
Suite 220
White Plains, NY 10603
914-997-0555
Fax: 914-997-0550
Email: aquinn@quinnlawny.com

**Joshua Mathew Friedman**
New York City Law Department
100 Church Street
New York, NY 10007
212-356-2368
Fax: 212-356-3509
Email: jofriedm@law.nyc.gov